HONORABLE MICHELLE L. PETERSON

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| PACIFIC SURVEY GROUP, LLC<br>a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TYCHE HIGH SEAS CAPITAL CORP., a Florida Corporation; *in personam* CERTAIN DATA COLLECTED DURING CHARTER PARTY; *in rem*,<br><br>Defendants.<br><br>TYCHE HIGH SEAS CAPITAL CORP., a Florida Corporation, *in personam*,<br><br>Counter-Claimant,<br><br>v.<br><br>PACIFIC SURVEY GROUP, LLC,<br>a Washington Limited Liability Company,<br><br>Counter-Defendant. | IN ADMIRALTY<br><br>Case No: 2:21-cv-01712-MLP<br><br>**DEFENDANT TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST PACIFIC SURVEY GROUP, LLC** |

Defendant Tyche High Seas Capital Corp., a Florida corporation ("Defendant"), by and through its counsel of record, hereby responds to the allegations in the Complaint of Pacific Survey Group, LLC ("Plaintiff"), as follows:

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST PACIFIC SURVEY GROUP, LLC - 1
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

# I. JURISDICTION

1. As to paragraph 1 of the Complaint, to the extent this paragraph contains assertions of law concerning this Court's jurisdiction over admiralty and maritime claims, no response is required from Defendant. To the extent paragraph 1 of the Complaint contains any assertions of fact, Defendant admits only that Plaintiff is asserting claims on the basis of a time charter, a maritime contract. Defendant further denies that Plaintiff is entitled to assert an *in rem* claim over data which is in Plaintiff's possession, and denies that Plaintiff has a cause of action against the data or is entitled to any *in rem* relief granted by this Court against the data. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining factual allegations in this paragraph 1, and on that basis denies each and every remaining allegation contained therein.

2. Paragraph 2 is missing from the Complaint. The paragraph following paragraph 1 is erroneously numbered as "3."

3. As to paragraph 3 of the Complaint, this paragraph contains no charging allegations against Defendant. To the extent a response is required, Defendant admits that Plaintiff is subject to this Court's personal jurisdiction, and denies each and every remaining allegation contained therein.

# II. PARTIES

4. As to paragraph 4 of the Complaint, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies each and every allegation contained therein.

5. As to paragraph 5 of the Complaint, Defendant admits only that it is a Florida corporation and denies all any remaining factual allegations in this paragraph.

# III. VENUE

6. As to paragraph 6 of the Complaint, Defendant admits these allegations.

# IV. FACTS

7. Paragraph 7 is missing from the Complaint. The paragraph following paragraph 6

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST PACIFIC SURVEY GROUP, LLC - 2
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

is erroneously numbered as "8."

8. As to paragraph 8 of the Complaint, Defendant admits that pursuant to the Charter Party, Plaintiff had an obligation, *inter alia*, to provide the R/V OCEAN TITAN to Defendant, for a specified period of time.

9. As to paragraph 9 of the Complaint, Defendant admits that Plaintiff provided the R/V OCEAN TITAN to it for a limited period of time. Defendant denies all remaining allegations in Paragraph 9, including insofar as the Complaint alleges that Plaintiff has fulfilled its obligations to Defendant under the Charter Party.

10. As to paragraph 10 of the Complaint, Defendant admits that, pursuant to the Charter Party, the vessel was to be delivered for charter on or about November 29, 2019. Defendant denies the remaining allegations in paragraph 10.

11. As to paragraph 11 of the Complaint, to the extent it contains assertions of law, no response is required. To the extent it contains assertions of fact, Defendant admits that the daily hire rate for the vessel under the Charter Party is specified as $33,700, and denies all other allegations in said paragraph.

12. As to paragraph 12 of the Complaint, Defendant denies these allegations.

13. As to paragraph 13 of the Complaint, Defendant denies these allegations.

14. As to paragraph 14 of the Complaint, Defendant denies these allegations.

15. As to paragraph 15 of the Complaint, Defendant admits that it paid $250,000 upon execution of the Charter Party. Defendant denies having knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph, and on that basis denies them.

16. As to paragraph 16 of the Complaint, Defendant asserts that Plaintiff breached the Charter Party and Defendant denies owing any monies to Plaintiff under the Charter Party, and specifically denies owing the stated amount. Defendant denies having knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph, and on that basis denies them.

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST PACIFIC SURVEY GROUP, LLC - 3
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

17. As to paragraph 17 of the Complaint, Defendant admits that the Charter Party provided a thirty day deadline for payment of certain sums thereunder. Defendant asserts that Plaintiff breached the Charter Party and Defendant denies owing any monies to Plaintiff under the Charter Party. Defendant denies having knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph, and on that basis denies them.

18. As to paragraph 18 of the Complaint, Defendant denies owing any monies to Plaintiff and denies each and every allegation contained within paragraph 18. Defendant asserts that it has made certain payments to Plaintiff and that Plaintiff now owes Defendant money.

19. As to paragraph 19 of the Complaint, Defendant admits making a payment of $75,000. Defendant denies owing any monies to Plaintiff. Defendant denies having knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph, and on that basis denies them.

20. As to paragraph 20 of the Complaint, Defendant denies owing any monies to Plaintiff. Defendant denies having knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph, and on that basis denies them.

21. As to paragraph 21 of the Complaint, Defendant denies these allegations.

## V. FIRST CAUSE OF ACTION
## CLAIM FOR MONEY DUE

22. As to paragraph 22 of the Complaint, Defendant denies these allegations.

23. Paragraph 23 is missing from the Complaint. The paragraph following paragraph 22 is erroneously numbered as "24."

24. As to paragraph 24 of the Complaint, Defendant denies these allegations.

## VI. SECOND CAUSE OF ACTION
## ATTORNEYS FEES

25. As to paragraph 25 of the Complaint, Defendant admits that the Charter Party contains this paragraph, but denies that Plaintiff is entitled to relief from Defendant.

26. As to paragraph 26 of the Complaint, Defendant denies these allegations.

27. As to paragraph 27 of the Complaint, Defendant denies these allegations.

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST PACIFIC SURVEY GROUP, LLC - 4
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## VII.  THIRD CAUSE OF ACTION
## MARITIME LIENS

28. As to paragraph 28 of the Complaint, Defendant admits that the Charter Party so provides and contains this paragraph, but denies that Plaintiff is entitled to relief from Defendant.

29. As to paragraph 29 of the Complaint, to the extent it contains assertions of law, no response is required. Defendant admits that the purpose of the Charter Party was to collect certain data. To the extent this paragraph contains other assertions of fact, Defendant denies all such allegations.

30. As to paragraph 30 of the Complaint, Defendant denies these allegations.

31. As to paragraph 31 of the Complaint, to the extent it contains assertions of law, no response is required. To the extent it contains assertions of fact, Defendant admits that Plaintiff has wrongfully failed to turn over to Defendant data collected during the Charter Party, and wrongfully retains possession of it. Defendant denies each and every remaining allegation in paragraph 31.

32. As to paragraph 32 of the Complaint, Defendant denies these allegations.

33. As to paragraph 33 of the Complaint, no response is required insofar as it does not contain any charging allegations. Defendant denies that Plaintiff is entitled to the requested order. Defendant further denies all remaining allegations including the claims for relief requested in Plaintiff's prayer contained within the 7 numbered paragraphs on page 5 of the Complaint. Defendant denies that Plaintiff is entitled to any relief requested from this Court.

## AFFIRMATIVE DEFENSES

34. Without waiving the foregoing, Defendant asserts the following Affirmative Defenses to the Plaintiff's Complaint, and reserves the right to amend this Answer to assert additional Affirmative Defenses if their existence is established through discovery, investigation or other means during the course of this lawsuit.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State Facts Sufficient To Support a Cause of Action)

35. The Complaint as a whole, and each of the purported causes of action thereof, fail

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST PACIFIC SURVEY GROUP, LLC - 5
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

to set forth facts sufficient to constitute any cause of action against Defendant *in personam*; and further fail to set forth facts sufficient to constitute any cause of action or claim with respect to CERTAIN DATA COLLECTED DURING CHARTER PARTY ("data"), whether *in rem* or otherwise, including under Rule C of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE
### (STATUTES OF LIMITATION)

36. The claims set forth in the Complaint are without the applicable statute or statutes of limitations and accordingly are barred.

### THIRD AFFIRMATIVE DEFENSE
### (LACHES)

37. The causes of action set forth in the Complaint are barred by the doctrine of laches; Plaintiff's unreasonable delay has prejudiced Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (RELEASE)

38. All causes of action set forth in the Complaint, whether *in personam* or *in rem,* have been released by Plaintiff or by action of law.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

39. By its actions, Plaintiff is estopped from obtaining any recovery against Defendant, whether *in personam* or *in rem*.

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

40. By its actions, Plaintiff has irrevocably waived any and all rights which it might otherwise have had to assert any claims whatever against Defendant, whether *in personam* or *in rem*.

### SEVENTH AFFIRMATIVE DEFENSE
### (Ratification)

41. Each of the acts attributed to Defendant as alleged by the Plaintiff in the Complaint was acquiesced in and/or ratified by, participated in and/or consented to by the Plaintiff and/or its

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST PACIFIC SURVEY GROUP, LLC - 6
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

agents and attorneys.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Res Judicata and Collateral Estoppel)**

42. Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

**NINTH AFFIRMATIVE DEFENSE**
**(Accord and Satisfaction)**

43. There has been an accord and satisfaction of all claims stated in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**
**(Certain Duties and Obligations)**

44. The Charter Party between Defendant, on the one hand, and Plaintiff on the other, provides for certain duties and obligations on the part of Plaintiff, which Plaintiff has breached and/or failed to perform, which breaches and failures preclude any recovery by Plaintiff herein, whether *in personam* or *in rem*.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Rights and Remedies Under Contract)**

45. The rights and remedies of Defendant and Plaintiff are governed by the terms and conditions of the Charter Party and other agreements between them, and Defendant relies upon each and every defense and limitation contained therein and in the work specifications, invoices, change orders, amendments and attachments to said Charter Party and agreements.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

46. Plaintiff has failed to mitigate its alleged damages, if any, and is not entitled to recovery against Defendant, whether *in personam* or *in rem*, by virtue of this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

47. Plaintiff is not entitled to recovery against Defendant, whether *in personam* or *in rem*, by virtue of this action, based on the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Right to Add Other Affirmative Defenses)**

48. Defendant specifically reserves the right to amend and/or add to this answer and

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST PACIFIC SURVEY GROUP, LLC - 7
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

any affirmative defenses alleged hereinabove, as allowed and permitted under U.S. maritime, Washington or other applicable law.

**PRAYER FOR RELIEF REGARDING COMPLAINT**

WHEREFORE, Defendant prays for judgment in its favor as follows:

A. For judgment that Defendant has no liability to Plaintiff, whether *in personam* or *in rem*;

B. For judgment dismissing each of Plaintiff's claims, including Plaintiff's claim to impose and foreclose a maritime lien with respect to the data;

C. For attorneys' fees, costs and others expenses incurred in the defense of the litigation according to proof;

E. For such other and further relief as the Court may deem just and proper under the circumstances.

**COUNTERCLAIM**

AND NOW, having Answered the Plaintiff's Complaint and asserted its Affirmative Defenses, Defendant/Counter-Claimant Tyche High Seas Capital Corp., a Florida Corporation ("TYCHE") hereby asserts its Counterclaim pursuant to Fed. R. Civ. P. 13(a) against Plaintiff/Counter-Defendant Pacific Survey Group, LLC ("PACIFIC SURVEY"), and for cause of action, alleges as follows:

**I.   JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333 (in admiralty), as it involves claims arising out of the breach of a maritime agreement. This Court further has supplemental jurisdiction over this dispute under 28 U.S.C. § 1367.

2. Venue is proper in this District because the Parties have contractually agreed that "[a]ny dispute arising out of and/or relating to [the contract at issue herein], and/or performance [thereunder] shall be resolved through litigation in the federal or state court located in Seattle, Washington."

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST PACIFIC SURVEY GROUP, LLC - 8
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

3. TYCHE and PACIFIC SURVEY (collectively the "Parties") have contractually consented to personal jurisdiction before this Court and in this District in connection with disputes arising out of or related to the subject contract.

## II. PARTIES

4. At all relevant times, TYCHE was and is a Florida corporation with its principal office in Miami, Florida.

5. TYCHE is informed and believes and on this basis alleges that at all relevant times, Pacific Survey was and is a Limited Liability Company based in Seattle, Washington, conducting business throughout the State of Washington and in King County, including specifically with TYCHE. TYCHE is further informed and believes that all of PACIFIC SURVEY's members are citizens of the state of Washington.

## III. FACTS AND GENERAL ALLEGATIONS

6. PACIFIC SURVEY is a marine operations group in the business of providing and/or operating research and support vessels to customers throughout North America, including but not limited to TYCHE.

7. According to its website, located at URL https://psgllc.com/services/, PACIFIC SURVEY advertises its services as follows:

> PSG is a marine operations group with over three decades of experience working with offshore petrochemical companies, the US Government, fisheries, and submarine telecommunications cable survey and installations operators in the waters off the US East Coast, South America, Gulf of Mexico and the Caribbean, the Aleutians, Arctic and Antarctic, the Bering Sea and across the Pacific Ocean…
>
> Our efficient and cost effective approach to the ownership and operation of research and support vessels has made us a premier private provider in North America. Our activities have encompassed the … operation of a wide variety of vessels and working platforms. With varied operations and conversion projects such as wildlife surveys, oceanographic research … PSG has demonstrated the ability to assist all types of clients in a host of operations while maintaining the highest standards of performance and cost effectiveness.

8. PACIFIC SURVEY owns and operates the research vessel R/V OCEAN TITAN

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST PACIFIC SURVEY GROUP, LLC - 9
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

(the "vessel") in connection with the above-described business activities.

9. On or about November 13, 2019, TYCHE and PACIFIC SURVEY (collectively, the "Parties") entered into a time charter party (the "Charter Party"), pursuant to which TYCHE retained the services of PACIFIC SURVEY and the vessel in connection with a confidential research project (the "Project").

10. The services owed to TYCHE under the contract included exploration, data surveys, data collection, data storage, and the possible retrieval of items in connection with the Project.

11. Pursuant to the Charter Party, the Parties contemplated that TYCHE would be the rightful owner of, *inter alia,* any and all data collected by the vessel in connection with the Project.

12. The vessel was on charter to TYCHE for a limited time beginning November 29, 2019.

13. PACIFIC SURVEY collected certain intangible research data in connection with the Project (the "Data"). The Data was due to be turned over to TYCHE in full, pursuant to the Parties' agreements.

14. PACIFIC SURVEY has failed to turn over all of the Data to TYCHE, and wrongfully retains possession of it.

15. TYCHE has made certain payments to PACIFIC SURVEY under the Charter Party in the total sum of at least $325,000, including for daily hire costs. All of TYCHE's obligations under the Charter Party have been fulfilled and/or have been excused.

16. As a result of its failure to turn over all of the Data to TYCHE, PACIFIC SURVEY is in material breach of the Charter Party.

17. As a result of PACIFIC SURVEY's wrongful actions, TYCHE has suffered damages in an amount according to proof, representing, *inter alia*, the sums paid to PACIFIC SURVEY, the value of the Data, lost operational costs and opportunities, consequential damages, and legal interest thereon.

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST PACIFIC SURVEY GROUP, LLC - 10
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

**FIRST CAUSE OF ACTION**
**[Breach of contract]**

18. Without prejudice to or waiver of the admissions, denials and defenses asserted in its Answer to the Complaint filed by PACIFIC SURVEY in this matter, TYCHE re-alleges and incorporates by reference all of its allegations contained in Paragraphs 1 through 17 herein with the same force and effect as if fully set forth.

19. PACIFIC SURVEY has breached the Charter Party including, *inter alia,* by failing to turn over all of the Data collected in connection with the Project to TYCHE.

20. TYCHE has satisfied all of its obligations under the Charter Party, including by timely making requisite monetary payments to PACIFIC SURVEY in an amount of no less than Three Hundred Twenty Five Thousand United States Dollars ($325,000), or is excused from any further obligations.

21. As a result of PACIFIC SURVEY's breach of the Charter Party, TYCHE has suffered damages in an amount according to proof, representing, *inter alia*, the value of the wrongfully retained Data, operational costs, lost opportunities, consequential damages, and legal interest thereon.

**SECOND CAUSE OF ACTION**
**[Breach of the implied covenant of good faith]**

22. Without prejudice to or waiver of the admissions, denials and defenses asserted in its Answer to the Complaint filed by PACIFIC SURVEY in this matter, TYCHE re-alleges and incorporates by reference all of its allegations contained in Paragraphs 1 through 21 herein with the same force and effect as if fully set forth.

23. Under Washington law, the "implied duty of good faith and fair dealing" in every contract "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *E.g. Badgett v. Security State Bank*, 116 Wn.2d 563, 569 (1991). Maritime law places the same obligations on contracting parties.

24. By virtue of its actions and/or omissions as further alleged herein, PACIFIC SURVEY has materially breached the Charter Party, as well as its duty of good faith and fair

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST PACIFIC SURVEY GROUP, LLC - 11
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

dealing thereunder, including, without limitation, by wrongfully failing to turn over all of the Data to TYCHE, and by billing TYCHE for more days of charter than were actually provided.

25. TYCHE has satisfied all of its obligations under the Charter Party, including by making requisite monetary payments to PACIFIC SURVEY in an amount of no less than Three Hundred Twenty Five Thousand United States Dollars ($325,000), or is excused from any further obligations.

26. As a result of PACIFIC SURVEY's breach of the Charter Party, TYCHE has suffered damages in an amount according to proof, representing *inter alia*, the value of the wrongfully retained Data, damages for the breach of the implied duty of good faith and fair dealing, operational costs, lost opportunities, consequential damages and legal interest thereon.

## THIRD CAUSE OF ACTION
### [Attorneys' fees]

27. Without prejudice to or waiver of the admissions, denials and defenses asserted in its Answer to the Complaint filed by PACIFIC SURVEY in this matter, TYCHE re-alleges and incorporates by reference all of its allegations contained in Paragraphs 1 through 26 herein with the same force and effect as if fully set forth.

28. The Charter Party provides, in relevant part, as follows:

> This Charter Party shall be construed under and governed by the general maritime law of the United States, or by the laws of the State of Washington in the event there is no applicable general maritime rule of law. Any dispute arising out of and/or relating to this Charter Party agreement and/or performance hereunder shall be resolved through litigation in the federal or state court located in Seattle, Washington, with the parties consenting to the court's personal jurisdiction **and the substantially prevailing party to recover its reasonable legal fees and costs.**

29. As more fully alleged herein, the instant dispute arises out of the Charter Party and the Parties' performance thereunder.

30. When TYCHE substantially prevails in this dispute, it shall be entitled to recover from PACIFIC SURVEY its reasonable legal fees and costs incurred in connection with the instant action, as well as the legal fees and costs incurred in connection with its defense against PACIFIC

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST PACIFIC SURVEY GROUP, LLC - 12
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

SURVEY's Complaint filed herein, in an amount according to proof.

## FOURTH CAUSE OF ACTION
**[Unfair business practices, RCW § 19.86.020]**

31. Without prejudice to or waiver of the admissions, denials and defenses asserted in its Answer to the Complaint filed by PACIFIC SURVEY in this matter, TYCHE re-alleges and incorporates by reference all of its allegations contained in Paragraphs 1 through 30 herein with the same force and effect as if fully set forth.

32. By engaging in the conduct more fully described herein, including by wrongfully failing to turn over all of the Data in violation of its agreements with TYCHE, and billing TYCHE for more days of charter than were actually provided, PACIFIC SURVEY has acted in an unfair manner while dealing in trade or commerce with its contractual counterparty.

33. As such, PACIFIC SURVEY is in violation of RCW § 19.86.020, which provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

34. PACIFIC SURVEY's aforedescribed actions at all relevant times had and have an impact on public interest, because PACIFIC SURVEY committed the alleged conduct in the course of its business of providing and/or operating research and support vessels to a customer. Further, PACIFIC SURVEY advertises its business operations to the public at large on its website, where it expressly targets "customers throughout North America," such as TYCHE, in hopes of securing service contracts, and as such, there is a likelihood that additional customers have been or will be injured by PACIFIC SURVEY in same fashion as alleged herein with respect to TYCHE.

35. As a result of PACIFIC SURVEY's wrongful actions, TYCHE has suffered damages in an amount according to proof, representing, *inter alia*, damages for PACIFIC SURVEY's unfair business practices, the value of the Data, operational costs, lost opportunities, consequential damages and legal interest thereon.

36. Accordingly, TYCHE is entitled to recover from PACIFIC SURVEY all damages, statutory treble damages, exemplary damages, as well as all costs, interest, expenses, fees, and

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST PACIFIC SURVEY GROUP, LLC - 13
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

attorneys' fees arising out of PACIFIC SURVEY's unfair conduct alleged herein.

## FIFTH CAUSE OF ACTION
### [Unjust enrichment]

37. Without prejudice to or waiver of the admissions, denials and defenses asserted in its Answer to the Complaint filed by PACIFIC SURVEY in this matter, TYCHE re-alleges and incorporates by reference all of its allegations contained in Paragraphs 1 through 36 herein with the same force and effect as if fully set forth.

38. PACIFIC SURVEY has been unjustly enriched at TYCHE's expense because TYCHE conferred a material benefit on Defendant in the form of significant financial compensation under the Charter Party and received nothing useful in return. As PACIFIC SURVEY admits in Paragraph 31 of the Complaint (Dkt. 1) filed in this matter, PACIFIC SURVEY has failed to turn over to TYCHE all of the Data collected by the vessel in connection with the Project.

39. To date, TYCHE has made payments to PACIFIC SURVEY in an amount of no less than Three Hundred Twenty Five Thousand United States Dollars ($325,000).

40. As a result of the foregoing, PACIFIC SURVEY has been unjustly enriched at the expense of Counter-Claimant.

41. TYCHE is entitled to restitution from PACIFIC SURVEY in an amount according to proof, but of no less than Three Hundred Twenty Five Thousand United States Dollars ($325,000), plus legal interest thereon.

## IV. PRAYER FOR RELIEF

WEREFORE, DEFENDANT/COUNTER-CLAIMANT TYCHE prays for Judgment in its favor as follows:

A. That the Court order a judgment in favor of TYCHE against PACIFIC SURVEY for any and all sums that may be adjudged against TYCHE in connection with claims arising out of the Complaint on file in this action;

B. That the Court order a judgment in favor of TYCHE against PACIFIC SURVEY for any and all sums to which TYCHE may be entitled in connection with the claims set forth in

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST PACIFIC SURVEY GROUP, LLC - 14
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1  this Counterclaim.

2  C. That the Court award TYCHE its costs of suit herein;

3  D. That the Court award TYCHE attorneys' fees incurred herein;

4  E. That the Court award TYCHE statutory treble damages and exemplary damages;

5  F. That the Court award TYCHE post-judgment interest at the legal rate; and

6  G. That the Court award TYCHE such other and further relief as the Court may deem

7  just and proper.

DATED: February 17, 2022.

LANE POWELL PC

By: */s/ Katie Smith Matison*
Katie Smith Matison, WSBA No. 20737
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206-223-7000
matisonk@lanepowell.com
Attorneys for Defendant/Counter-Claimant
Tyche High Seas Capital Corp.

DATED: February 15, 2022.

KENNEDYS CMK LLP

By: */s/ Jonathan W. Thames*
Jonathan W. Thames, WSBA No. 31060
Forrest Booth (Cal SB No. 74166)
*Pro Hac Vice application forthcoming*
Anna Gourgiotopoulou (Cal SB No. 304998)
*Pro Hac Vice application forthcoming*
101 California Street, Suite 1225
San Francisco, CA 94111
Telephone: 415-323-4460
jonathan.thames@kennedyslaw.com
forrest.booth@kennedyslaw.com
anna.gourgio@kennedyslaw.com
Attorneys for Defendant/Counter-Claimant
Tyche High Seas Capital Corp.

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST PACIFIC SURVEY GROUP, LLC - 15
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## VERIFICATION PURSUANT TO LAR 105

I, Jonathan W. Thames, hereby declare as follows:

1. I am the attorney for the Defendant and I am authorized to make this Verification on its behalf.

2. I have read the foregoing **Answer, Affirmative Defenses,** and **Counterclaim** and the contents thereof are true and accurate to the best of my knowledge, information and belief.

3. The reason that this Verification was made by me and not the Defendant is that the Defendant is a legal entity which does not have officers present in this District.

4. The source of my knowledge is information and records furnished to me by the Defendant and its representatives, all of which I believe to be true and accurate.

I declare under penalty of perjury under the laws of the Unites States of America and the State of Washington that the foregoing statements are true and correct.

Executed at Berkeley, California this 15th day of February, 2022.

                                               */s/ Jonathan W Thames*
                                                 Jonathan W. Thames

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST PACIFIC SURVEY GROUP, LLC - 16
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## **CERTIFICATE OF SERVICE**

I certify that, on the date indicated below, I caused the foregoing document to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all attorneys and parties of record.

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my personal knowledge.

DATED this 17th day of February 2022.

*s/ Katie Smith Matison*
Katie Smith Matison  WSBA No. 20737

TYCHE HIGH SEAS CAPITAL CORP.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST PACIFIC SURVEY GROUP, LLC - 17
CASE NO. 2:21-cv-01712-MLP
133765.0002/8873167.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107