HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| PACIFIC SURVEY GROUP, LLC<br>a Washington Limited Liability Company,<br><br>    Plaintiff,<br><br>  v.<br><br>TYCHE HIGH SEAS CAPITAL CORP., a Florida Corporation; *in personam* CERTAIN DATA COLLECTED DURING CHARTER PARTY; *in rem*,<br><br>    Defendants.<br><br>TYCHE HIGH SEAS CAPITAL CORP., a Florida Corporation, *in personam*,<br><br>    Counter-Claimant,<br><br>  v.<br><br>PACIFIC SURVEY GROUP, LLC,<br>a Washington Limited Liability Company,<br><br>    Counter-Defendant. | IN ADMIRALTY<br><br>Case No: 2:21-cv-01712-JLR-MLP<br><br>**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**<br><br>**NOTE ON MOTION CALENDAR:**<br>**October 12, 2022** |

  COME NOW all above-named parties and jointly move pursuant to LR 7(d)(1) for entry of the proposed Stipulated Protective Order attached as Exhibit A and incorporated by reference. The parties certify they met and conferred and agree that this proposed Stipulated Protective Order is consistent with LR 26(c). It does not confer blanket protection on all disclosures or responses to

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 1
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

discovery; and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties therefore request that the proposed Stipulated Protective Order be entered. A Proposed Order is attached below for the Court's consideration.

So Stipulated and Agreed on this the 12th Day of October, 2022.

| | |
|---|---|
| LANE POWELL PC | KENNEDYS CMK LLP |
| By: /s/ Katie Smith Matison<br>Katie Smith Matison, WSBA No. 20737<br>1420 Fifth Avenue, Suite 4200<br>P.O. Box 91302<br>Seattle, WA 98111-9402<br>Telephone: 206-223-7000<br>matisonk@lanepowell.com | By: /s/ Forrest Booth<br>Jonathan W. Thames, WSBA No. 31060<br>Forrest Booth (Cal SB No. 74166)<br>Pro Hac Vice<br>Anna Gourgiotopoulou (Cal SB No. 304998)<br>Pro Hac Vice<br>101 California Street, Suite 1225<br>San Francisco, CA 94111<br>Telephone: 415-323-4460<br>jonathan.thames@kennedyslaw.com<br>forrest.booth@kennedyslaw.com<br>anna.gourgio@kennedyslaw.com |
| Attorneys for Defendant/Counter-Claimant Tyche High Seas Capital Corp. | Attorneys for Defendant/Counter-Claimant Tyche High Seas Capital Corp. |

BAUER MOYNIHAN & JOHNSON LLP

By: /s/ Donald K. McLean
Donald K. McLean, WSBA No.
2101 Fourth Avenue, Suite 2400
Seattle, Washington 98121-2320
Telephone: (206) 443-3400
E-mail: dkmclean@bmjlaw.com
Attorneys for Plaintiff/Counter-Defendant
Pacific Survey Group, LLC.

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 2
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

**[PROPOSED] ORDER**

THE COURT GRANTS the Stipulated Motion and APPROVES the entry of the Stipulated Protective Order.

DATED this 19th Day of October, 2022.

*/s/ signature*

MICHELLE L. PETERSON
United States Magistrate Judge


LANE POWELL PC

By: */s/ Katie Smith Matison*
    Katie Smith Matison, WSBA No. 20737
    1420 Fifth Avenue, Suite 4200
    P.O. Box 91302
    Seattle, WA 98111-9402
    Telephone:   206-223-7000
    matisonk@lanepowell.com

Attorneys for Defendant/Counter-Claimant Tyche High Seas Capital Corp.

KENNEDYS CMK LLP

By: */s/ Forrest Booth*
    Jonathan W. Thames, WSBA No. 31060
    Forrest Booth (Cal SB No. 74166)
    Pro Hac Vice
    Anna Gourgiotopoulou (Cal SB No. 304998)
    Pro Hac Vice
    101 California Street, Suite 1225
    San Francisco, CA 94111
    Telephone:   415-323-4460
    jonathan.thames@kennedyslaw.com
    forrest.booth@kennedyslaw.com
    anna.gourgio@kennedyslaw.com

Attorneys for Defendant/Counter-Claimant Tyche High Seas Capital Corp.


BAUER MOYNIHAN & JOHNSON LLP


By: */s/ Donald K. McLean*
Donald K. McLean, WSBA No.
2101 Fourth Avenue, Suite 2400
Seattle, Washington 98121-2320
Telephone: (206) 443-3400
E-mail: dkmclean@bmjlaw.com
Attorneys for Plaintiff/Counter-Defendant Pacific Survey Group, LLC.

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 3
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 4
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# EXHIBIT A

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 5
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PACIFIC SURVEY GROUP, LLC a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TYCHE HIGH SEAS CAPITAL CORP., a Florida Corporation; *in personam* CERTAIN DATA COLLECTED DURING CHARTER PARTY; *in rem*,<br><br>Defendants.<br><br>TYCHE HIGH SEAS CAPITAL CORP., a Florida Corporation, *in personam*,<br><br>Counter-Claimant,<br><br>v.<br><br>PACIFIC SURVEY GROUP, LLC, a Washington Limited Liability Company,<br><br>Counter-Defendant. | IN ADMIRALTY<br><br>Case No: 2:21-cv-01712-JLR-MLP<br><br>**STIPULATED PROTECTIVE ORDER** |

Counsel for Plaintiff/Counter-Defendant and Defendant/ Counter-Claimant Agree and Stipulate to the Protective Order as follows:

**1.    PURPOSES AND LIMITATIONS**

Discovery is currently proceeding in the instant case which will likely require production

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 6
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

of documents that may contain and are likely to involve production of confidential, proprietary, trade secret and/or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition this court in Washington to enter the following Stipulated Protective Order (the "Protective Order"), which is consistent with Western District of Washington LCR 26(c).  It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and orders of each of the courts, and it does not presumptively entitle parties to file confidential information under seal, except to the extent that the court has already ruled otherwise.  It likewise does not constitute agreement that any documents and/or information will be produced or disclosed by any party, and it does not signify that any documents and/or information is/are required to be produced, are admissible, and/or are relevant to the issues before either of the captioned courts or in any other action or proceeding.

This Protective Order shall apply to all confidential, proprietary, trade secret and/or private information so designated by any party to, or any person or entity with an interest in, either of the above-captioned lawsuits, regardless of whether any such information may have been previously disclosed, published or disseminated.

Defendant/ Counter-Claimant Tyche is currently a party to a separate lawsuit pending in the United States District Court for the District of Alaska captioned THE CARGO OF THE SS ISLANDER *in rem,* TYCHE HIGH SEAS CAPITAL CORP., Contract Salvor, Case No. 3:96-cv-0270-HRH ("AK Action").  Plaintiff/ Counter-Defendant Pacific filed a motion to intervene in the AK Action. The Court in the AK Action ordered Tyche and intervenor Pacific to prepare a Non-Disclosure Agreement before Pacific may access Tyche's sealed June 2022 status report. (Dkt. 349). In the AK Action, Tyche and Pacific will submit a Non-Disclosure Agreement  to the Alaska District Court that complies with District of Alaska Local Civil Rule 26.1 to protect the proprietary and confidential data.   The Parties agree that all sealed documents in the AK Action shall also  be deemed subject to this Protective Order in this Washington case and accessible only to the extent

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 7
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

permitted by the Alaska District Court.

As used herein, the following terms shall have the following meanings:

- "Plaintiff" refers to Pacific Survey Group, LLC, and any related and/or affiliated companies.
- "Pacific" refers to Pacific Survey Group, LLC, and any related and/or affiliated companies.
- "Defendant" refers to Tyche High Seas Capital Corp.
- "Tyche" refers to Tyche High Seas Capital Corp.
- "RSA" refers to the RSA Insurance Group Limited, including its subsidiary The Marine Insurance Company Limited, and any other related and/or affiliated companies.
- "OceanMar" refers to OceanMar, Inc.", and any related and/or affiliated companies.
- "WA action" refers to case no. C20-1043-JLR-MLP, entitled PACIFIC SURVEY GROUP, LLC, Plaintiff, v. TYCHE HIGH SEAS CAPITAL CORP., et al., Defendants, pending in the United States District Court for the Western District of Washington at Seattle.
- "AK action" refers to case no. 3:96-cv-0270-HRH, now entitled THE CARGO OF THE SS ISLANDER, in rem, TYCHE HIGH SEAS CAPITAL CORP., Contract Salvor, pending in the United States District Court for the District of Alaska.
- "Ship" and "vessel" refers to the SS ISLANDER, a passenger and cargo vessel which sank in or near Stephens Passage, Alaska on or about August 15, 1901.
- "Agreements" refers without restriction or limitation to contracts, subcontracts, letter agreements, side letters, undertakings, insurance policies and indemnities of all kinds.
- "Communications" refers without restriction or limitation to any manner of written communication, including but not limited to emails, voicemails, letters, facsimiles, text messages, PowerPoints, and electronic messages on social media.
- "Charter party" refers to the November 13, 2019 BIMCO Charter Party at issue in this action, identified in the Complaint in the WA action (Dkt. 1).

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 8
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

- "Data" refers to the survey data at issue in the WA action, as identified in the Complaint therein (Dkt. 1).
- "Cargo" refers to the goods, chattels, property, gold, personal effects, tools, equipment, and any and all other tangible material and items which were carried on or about the SS ISLANDER at the time the vessel sank, on or about August 15, 1901.

**2.  "CONFIDENTIAL" MATERIAL**

"Confidential" material shall include the following documents, files, records and tangible things produced or otherwise exchanged:

- Agreements between Tyche and its agents and representatives, on the one hand, and the RSA and its agents and representatives, on the other hand.
- Communications between Tyche and its agents and representatives, on the one hand, and the RSA and its agents and representatives, on the other hand.
- Communications between Tyche and its agents and representatives, on the one hand, and the State of Alaska and its agents and representatives, on the other hand.
- Agreements between Tyche and its agents and representatives, on the one hand, and the State of Alaska and its agents and representatives, on the other hand.
- Agreements between Tyche and its agents and representatives, on the one hand, and archeologists and their agents and representatives, on the other hand.
- Communications between Tyche and its agents and representatives, on the one hand, and archeologists and their agents and representatives, on the other hand.
- Agreements between Tyche and its agents and representatives, on the one hand, and consultants and their agents and representatives, on the other hand.
- Communications between Tyche and its agents and representatives, on the one hand, and consultants and their agents and representatives, on the other hand.
- Agreements between Tyche and its agents and representatives, on the one hand, and experts and their agents and representatives, on the other hand.

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 9
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

- Correspondence between Tyche and its agents and representatives, on the one hand, and experts and their agents and representatives, on the other hand.
- Agreements between Tyche and its agents and representatives, on the one hand, and its investors and their agents and representatives, on the other hand.
- Correspondence between Tyche and its agents and representatives, on the one hand, and its investors and their agents and representatives, on the other hand.
- Agreements between Tyche and its agents and representatives, on the one hand, and its contractors and their agents and representatives, on the other hand.
- Correspondence between Tyche and its agents and representatives, on the one hand, and its contractors and their agents and representatives, on the other hand.
- Surveys of areas at or near the site of the sinking of the SS ISLANDER.
- Data collected during or related to surveys by any person or entity of areas at or near the site of the sinking of the SS ISLANDER.
- Latitude and longitude information collected during or related to surveys by any person or entity of areas at or near the site of the sinking of the SS ISLANDER.
- Target information collected during or related to surveys of areas at or near the site of the sinking of the SS ISLANDER.
- Photographs taken during or related to surveys and/or survey work by any person or entity of areas at or near the site of the sinking of the SS ISLANDER.
- Bottom profiles taken and/or created during or related to surveys and/or survey work by any person or entity of areas at or near the site of the sinking of the SS ISLANDER.
- Sonar scans taken and/or created during or related to surveys and/or survey work by any person or entity of areas at or near the site of the sinking of the SS ISLANDER.
- Assays of any materials recovered from areas at or near the site of the sinking of the SS ISLANDER.
- Analyses of any materials recovered from areas at or near the site of the sinking of the SS ISLANDER.

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 10
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

- Plans and/or drawings of the SS ISLANDER.
- Cargo of the SS ISLANDER.
- Load and/or stow plans for the SS ISLANDER.
- Witness statements.
- Permits and licenses issued by any government agency or entity.
- Reports submitted to any court.
- Reports submitted to any government agency or entity.
- Tax returns filed by any entity.
- Marketing materials prepared by any entity.
- Presentations prepared by any entity.
- Financial records of any entity and/or person.
- Payment records of any entity and/or person.
- Invoices sent or received by any entity or person which pertain or relate in any way to the SS ISLANDER and/or efforts to recover the cargo of the SS ISLANDER.

3.  **SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, and/or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain[1] or becomes part of the public domain through trial or otherwise. In the event a Party believes that the information designated by the other party is available in the public domain, it shall identify the exact basis that the information is in the public domain to the other Party, but shall refrain from making use of the information without attempting to resolve the issue through

---

[1] *Black's Law Dictionary* (11th ed. 2019) defines Public Domain as: "The universe of inventions and creative works that are no protected by intellectual-property rights and are therefore available for anyone to use without charge. When a copyright trademark, patent, or trade-secret rights are lost or expires, the intellectual property they had protected becomes part of the public domain and can be appropriated without liability for infringement."

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 11
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

the procedures identified in Section 6. In the event it is necessary for the Parties to seek a resolution by the Court, the Parties shall follow the procedure in Section 4.3 of this Agreement which incorporates the procedures of W.D.WA Local Rule 5(g). The prevailing Party may seek attorneys' fees from the Court.

**4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

**4.1     Basic Principles.** A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**4.2     Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 12
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**4.3** **Filing Confidential Material**. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with the applicable court rules, to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. WD WA Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of WD WA Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

**5.** **DESIGNATING PROTECTED MATERIAL**

**5.1** **Exercise of Restraint and Care in Designating Material for Protection**. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 13
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2** **Manner and Timing of Designations.** Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) **Information in documentary form:** (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) **Testimony given in deposition or in other pretrial proceedings:** the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) **Other tangible items:** the producing party must affix in a prominent place

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 14
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**5.3** **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1** **Timing of Challenges.** Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2** **Meet and Confer.** The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

**6.3** **Judicial Intervention.** If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under WD WA Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 15
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 16
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

**10.    NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

BAUER MOYNIHAN & JOHNSON LLP


By: */s/ Donald K. McLean*
Donald K. McLean, WSBA No.
2101 Fourth Avenue, Suite 2400
Seattle, Washington  98121-2320
Telephone:  (206) 443-3400
E-mail: dkmclean@bmjlaw.com
Attorneys for Plaintiff/Counter-Defendant
Pacific Survey Group, LLC.

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 17
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

| | |
|---|---|
| LANE POWELL PC | KENNEDYS CMK LLP |
| By: */s/ Katie Smith Matison*<br>Katie Smith Matison, WSBA No. 20737<br>1420 Fifth Avenue, Suite 4200<br>P.O. Box 91302<br>Seattle, WA 98111-9402<br>Telephone:   206-223-7000<br>matisonk@lanepowell.com | By: */s/ Forrest Booth*<br>Jonathan W. Thames, WSBA No. 31060<br>Forrest Booth (Cal SB No. 74166)<br>Pro Hac Vice<br>Anna Gourgiotopoulou (Cal SB No. 304998)<br>Pro Hac Vice<br>101 California Street, Suite 1225<br>San Francisco, CA 94111<br>Telephone:   415-323-4460<br>jonathan.thames@kennedyslaw.com<br>forrest.booth@kennedyslaw.com<br>anna.gourgio@kennedyslaw.com |
| Attorneys for Defendant/Counter-Claimant Tyche High Seas Capital Corp. | Attorneys for Defendant/Counter-Claimant Tyche High Seas Capital Corp. |

## **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

　　　IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: October 19, 2022

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　MICHELLE L. PETERSON
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 18
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER - 19
CASE NO. 2:21-cv-01712-JLR-MLP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

133765.0001/9149488.1