UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC SURVEY GROUP, LLC,<br><br>Plaintiff /<br>Counter-Defendant,<br><br>v.<br><br>TYCHE HIGH SEAS CAPITAL CORP., et al.,<br><br>Defendants /<br>Counter-Claimants. | CASE NO. C21-1712JLR-MLP<br><br>ORDER |

## I. INTRODUCTION

Before the court is Plaintiff/Counter-Defendant Pacific Survey Group, LLC's ("PSG") motion for summary judgment. (Mot. (Dkt. # 32); Reply (Dkt. # 37).) Defendant/Counter-Claimant Tyche High Seas Capital Corp. ("Tyche") asks the court to either deny the motion without prejudice or defer ruling on it while Tyche seeks additional discovery pursuant to Federal Rule of Civil Procedure 56(d). (Resp. (Dkt.

ORDER - 1

# 34).) PSG also moves to strike portions of the declarations Tyche filed in support of its request for Rule 56(d) relief. (Reply at 2-6.) The court has considered the motion, all materials filed in support of and in opposition to the motion, the relevant portions of the record, and the governing law. Being fully advised,[1] the court DENIES PSG's motion to strike, GRANTS Tyche's request for relief under Rule 56(d), and DENIES PSG's motion for summary judgment without prejudice.

## II. BACKGROUND

This case arises from a time charter party agreement ("Charter Party") between PSG, the owner of the research vessel OCEAN TITAN, and Tyche, the charterer of that vessel. (*See generally* Compl. (Dkt. # 1).) Tyche chartered the OCEAN TITAN for the purpose of surveying the wreck of the S/S ISLANDER, which was lost off the coast of Alaska in 1901 while carrying a cargo of gold. (McLean Decl. (Dkt. # 33) ¶ 3(ii), Ex. 2 ("Charter Party")); *Yukon Recovery v. Certain Abandoned Property*, Nos. A96–0270–CV (HRH), A96–0304–CV (HRH), 1998 WL 965985, at *1-*3 (D. Alaska Aug. 28, 1998) (setting forth findings of fact regarding the loss of the S/S ISLANDER and its cargo). PSG alleges that Tyche breached the Charter Party by failing to pay it the full amount owed for its services. (*See generally* Compl.) Tyche, for its part, alleges that it was PSG that breached the Charter Party by failing to turn over research data collected during the survey voyage. (*See* Ans. (Dkt. # 14) at 8-15 ("Counterclaims") ¶¶ 13-16.)

---

[1] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1) and the court finds that oral argument would not be helpful to its resolution of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

PSG filed this action against Tyche (*in personam*) and the data collected during the term of the Charter Party (*in rem*) on December 30, 2021. (Compl.) It alleged claims under the Charter Party for money due, attorneys' fees, and maritime liens. (*Id.* ¶¶ 22-33.) On February 17, 2022, Tyche answered the complaint; asserted affirmative defenses; and alleged counterclaims for breach of contract, breach of the implied covenant of good faith, attorney's fees under the Charter Party, violation of the Washington Consumer Protection Act, and unjust enrichment. (*See generally* Ans.; Counterclaims.) On March 18, 2022, the court entered a scheduling order in which it set the discovery deadline on July 28, 2023; the dispositive motions deadline on August 29, 2023; and the trial on January 8, 2024. (Sched. Order (Dkt. # 21).) PSG answered Tyche's counterclaims on April 20, 2022. (CC Ans. (Dkt. # 22).)

PSG filed this motion for summary judgment on April 6, 2023, nearly five months before the dispositive motions deadline. (Mot.; Sched. Order.) Tyche timely responded on April 24, 2023, seeking relief under Rule 56(d). (Resp.) PSG replied on April 28, 2023. (Reply.)

### III.     ANALYSIS

Under Federal Rule of Civil Procedure 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To prevail on a Rule 56(d) motion, the party opposing summary judgment "must make '(a) a timely application which

(b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). Unless the party requesting a continuance "has not diligently pursued discovery of the evidence," its request "should be granted almost as a matter of course." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003).

Tyche argues that it needs to take the depositions of witnesses Daniel Stabbart, Stan Langaker, Nathan Mills, and Russell Hayes to oppose PSG's motion for summary judgment. (Resp. at 5 (citing Booth Decl. (Dkt. # 35) ¶ 4 (describing four witnesses' roles on the OCEAN TITAN and the information relevant to the motion for summary judgment that Tyche believes the witnesses can provide)).) Tyche asserts that these witnesses will have information that it requires to rebut factual assertions regarding the equipment that it alleges malfunctioned during the survey voyage and the data that Tyche alleges PSG failed to collect and/or provide. (Resp. at 5-7 (first citing Booth Decl. ¶ 4; and then citing Frank Decl. (Dkt. # 36)).[2]) It contends that it has been diligent in pursuing discovery so far because the parties have focused their efforts on document discovery before conducting depositions. (*Id.* at 3, 7-8 (citing Booth Decl. ¶ 5).)

//

//

---

[2] Mike Frank is Tyche's president. (*Id.* ¶ 3.)

1    In reply, PSG moves the court to strike the declaration filed by Tyche's president,
2 Mike Frank, and one paragraph and exhibit from attorney Forrest Booth's declaration.
3 (*Id.* at 2-6.)  With respect to Mr. Frank's declaration, PSG argues that the court should
4 strike nearly every paragraph as inadmissible hearsay that cannot be used to oppose a
5 motion for summary judgment, improper expert opinion, or "simply false." (*Id.* at 4-5.)
6 The court agrees that most of Mr. Frank's declaration would not be proper in opposing a
7 motion for summary judgment.  *See* Fed. R. Civ. P 56(c)(4) (requiring declarations used
8 to oppose a motion for summary judgment "must be made on personal knowledge" and
9 "set out facts that would be admissible in evidence").  In evaluating a Rule 56(d) motion,
10 however, the court is not concerned about whether the statements would be admissible in
11 evidence, but rather whether they provide "some basis for believing that the information
12 sought actually exists." *Emps. Teamsters*, 353 F.3d at 1129.  Therefore, the court
13 declines to strike Mr. Frank's declaration.  With respect to Mr. Booth's declaration, the
14 court concludes that the paragraph and exhibit to which PSG objects are not relevant to
15 Tyche's motion for relief and will not consider them.  As a result, the court DENIES
16 PSG's motion to strike.
17    PSG also asks the court to deny Tyche's Rule 56(d) request because Tyche has not
18 been diligent in discovery and has failed to show that the facts it seeks are essential and
19 will likely be discovered during further discovery.  (Reply at 11-13.)  The court
20 concludes, however, that Tyche has satisfied the requirements of Rule 56(d). *See Emps.*
21 *Teamsters*, 353 F.3d at 1129.  First, it made its request in a timely response to PSG's
22 motion for summary judgment filed over three months before the July 28, 2023 discovery

1 deadline. (Resp.; Sched. Order.) Second, it has identified in detailed declarations from
2 both counsel and Tyche's president the specific information it seeks from each of the four
3 proposed deponents; why it believes those deponents have that information; and how that
4 information is relevant to its defenses and counterclaims. (*See* Resp. at 5-7 (citing Frank
5 Decl.); Booth Decl. ¶ 4.) Third, the court finds that Tyche has not been dilatory in
6 seeking discovery. (*See* Booth Decl. ¶ 5.) Although Tyche may have been able to note
7 these depositions earlier, there are still three months remaining in the discovery period
8 and PSG filed its motion for summary judgment well before the August 29, 2023
9 dispositive motions deadline. (*See* MSJ; Sched. Order.)

10 Because Tyche made a timely motion for relief under Rule 56(d) that identifies
11 with sufficient specificity the relevant information it seeks additional time to pursue, and
12 because Tyche has not been unduly dilatory in its efforts to obtain discovery, the court
13 concludes that relief under Rule 56(d) is warranted. *See Emps. Teamsters*, 353 F.3d at
14 1129; *Burlington N. Santa Fe R.R. Co.*, 323 F.3d at 773-74. Moreover, in light of the
15 scope of the additional discovery sought, the court concludes that denial without
16 prejudice—as opposed to deferral—of Plaintiffs' motion for partial summary judgment is
17 the appropriate and most efficient remedy. *See* Fed. R. Civ. P. 56(d)(1), (3). Therefore,
18 the court DENIES PSG's motion for summary judgment without prejudice; GRANTS
19 Tyche 45 days from the date of this order to complete the depositions of the four
20 //
21 //
22 //

witnesses identified above pursuant to Rule 56(d); and ORDERS the parties to cooperate in completing these depositions.

### IV. CONCLUSION

For the foregoing reasons, the court DENIES PSG's motion for summary judgment (Dkt. # 32) without prejudice; GRANTS Tyche **45 days** from the date of this order to complete the depositions of Daniel Stabbart, Stan Langaker, Nathan Mills, and Russell Hayes; and ORDERS the parties to cooperate in completing these depositions. PSG may renew its motion for summary judgment after this 45-day period elapses.

Dated this 1st day of May, 2023.

JAMES L. ROBART
United States District Judge