UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC SURVEY GROUP, LLC,<br><br>Plaintiff /<br>Counter-Defendant,<br><br>v.<br><br>TYCHE HIGH SEAS CAPITAL CORP., et al.,<br><br>Defendants /<br>Counter-Claimants. | CASE NO. C21-1712JLR<br><br>ORDER |

Before the court is a motion for leave to withdraw as counsel of record for Defendant / Counter-Claimant Tyche High Seas Capital Corp. ("Tyche") filed by Katie Matison of Lane Powell PC and Jonathan W. Thames and Forrest Booth of Kennedys CMK LLP (collectively, "Counsel"). (Mot. (Dkt. # 41); Reply (Dkt # 45).) Plaintiff Pacific Survey Group, LLC ("PSG") has not responded to counsel's motion. (*See* Dkt.) The court has considered Counsel's motion, the documents submitted in support of that

ORDER - 1

motion, the balance of the record, and the applicable law.  Being fully advised, the court GRANTS Counsel's motion to withdraw.

According to Tyche's president, Michael Frank, Tyche is insolvent and can no longer afford to litigate this action or compensate its attorneys.  (Frank Decl. (Dkt. # 41-1) ¶¶ 2-3.)  As a result, Tyche was unable to conduct the depositions the court authorized in its May 1, 2023 order granting Tyche's request for relief pursuant to Federal Rule of Civil Procedure 56(d).  (*Id.* ¶¶ 4-5 (citing 5/1/23 Order (Dkt. # 38)).)  Tyche has since hired Florida insolvency counsel to file an Assignment for the Benefit of Creditors, which will enable a professional fiduciary to "take possession of, protect and preserve, all of the assets of Tyche, and liquidate the assets of Tyche" pursuant to Florida law.  (*Id.* ¶ 6.)  Mr. Frank has, therefore, instructed Counsel to move "immediately" to withdraw from this case.  (*Id.* ¶ 7.)  Mr. Frank states that he understands that Tyche will be unrepresented if the court grants Counsel's motion to withdraw.  (*Id.*)  Counsel represent that they provided timely notice of this motion to counsel for PSG.  (Pace Decl. (Dkt. # 41-2) ¶ 2, Ex. 1.)

As a threshold matter, an attorney seeking to withdraw from a case in a manner that will leave a party to the case unrepresented must seek the court's leave to do so by filing a motion.  *See* Local Rules W.D. Wash. LCR 83.2(b)(1).  Pursuant to Local Civil Rule 83.2(b)(1), a motion to withdraw must contain a certification that it was served on the client and opposing counsel and must also provide the client's contact information.  Local Rules W.D. Wash. LCR 83.2(b)(1).  Additionally, if withdrawal will leave a business entity unrepresented, counsel must certify that:

> [H]e or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

Local Rules W.D. Wash. LCR 83.2(b)(4).

Here, Counsel filed a motion pursuant to Local Civil Rule 83.2(b)(1); were instructed to do so by their client; gave notice to opposing counsel; and have provided Tyche's contact information. (*See* Mot.; Frank Decl.; Pace Decl.) Tyche's president consents to the withdrawal and understands that withdrawal will leave Tyche unrepresented in this matter. (Frank Decl. ¶ 7.) As a result, the court concludes that the procedural prerequisites set forth in Local Civil Rules 83(b)(1) and 83(b)(4) have been met and proceeds to consider the merits of Counsel's motion.

Courts generally consider several factors when "evaluating a motion to withdraw, including (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014). "The trial court retains wide discretion in a civil case to grant or deny [a] motion to withdraw." *Id.* (citing *Bohnert v. Burke*, No. CV-08-2303-PHX-LOA, 2010 WL 5067695, at *1 (D. Ariz. Dec. 7, 2010)).

Here, Tyche's president instructed Counsel to withdraw because Tyche is insolvent and can no longer compensate them for their services. (Frank Decl. ¶¶ 2-5.)

PSG does not argue that Counsel's withdrawal will cause it prejudice, and the court finds that withdrawal will not cause harm to the administration of justice or delay the resolution of this case. Accordingly, the court GRANTS Counsel's motion to withdraw (Dkt. # 41). Katie Matison of Lane Powell PC and Jonathan W. Thames and Forrest Booth of Kennedys CMK LLP are hereby withdrawn from this matter. Tyche must find substitute counsel, if any, by **August 31, 2023**. The court warns Tyche that failure to timely find substitute counsel may result in the dismissal of Tyche's counterclaim and/or entry of default against Tyche. The court notes that PSG's motion for summary judgment (Dkt. # 32) and Tyche's cross-motion for summary judgment (Dkt. # 42) are pending and noted for consideration on August 4, 2023. Because Tyche moves for summary judgment on the basis of mootness, which implicates the court's jurisdiction, the court intends to decide these motions in due course.

Dated this 19th day of July, 2023.

JAMES L. ROBART
United States District Judge